### BRUCKEL v. J. MILHAU'S SON.

(Supreme Court, Appellate Division, Second Department. June 16, 1911.)

LICENSES (§ 50*)—IN RESPECT TO REALTY—INJURIES—LIABILITY.

    A defendant for profit allowed another to use its store to exhibit and sell its goods, including bottles for charging liquids with gas for drinking purposes. A purchaser of a bottle was injured by its explosion. An expert admitted his inability by tests and inspections to discover the unfitness of the bottle. Held, that defendant as a matter of law was not guilty of actionable negligence.

    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 106, 107; Dec. Dig. § 50.*]

Appeal from Trial Term, Kings County.

Action by Frederick Henry Bruckel against J. Milhau's Son. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

George Samuel Hayes (Archibald L. Van Ness and Roderick Begg, on the brief), for appellant.

Edwin A. Jones (Samuel H. Evins, on the brief), for respondent.

THOMAS, J. The defendant furnished to the American Sparklets Company certain facilities of its store to introduce and to sell bottles made by the Diamond Glass Company, and with capsules used for charging liquids with gas for drinking purposes, and was the apparent vendor of one of them to the plaintiff, who was injured by its explosion upon the second occasion of charging it. The verdict for the plaintiff on the first trial was followed by a dismissal of the complaint on the second trial ordered by this court (116 App. Div. 832, 102 N. Y. Supp. 395).

The plaintiff's contention is that the defects causing the explosion were observable in the exercise of reasonable care; indeed, that they were "obvious and observable to the natural senses of an experienced person." The learned counsel for the appellant goes so far as to say that "all the tests required of this defendant were to take the bottle up in the hand, judge of its weight, move the loose cover aside,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

where necessary, and look." The brief states 15 causes of the explosion observable by the druggist. They are varying thinness of the glass of an unsymmetrical and unannealed bottle, whose inferior quality was indicated by color, bubbles, flaws, ridges, recesses, syrup-dripping appearance, the metal cover of which, weak in construction, was fitted imperfectly to a glass neck, where the protecting covering was open work, with the result that it was weak under pressure; while added to the above is the accusation that the instructions were defective in failing to direct that the cap should be screwed on slowly. The evidence shows that the bottle in question broke, but I fail to discover in the record evidence of the breaking strength of similar bottles under similar pressures. Especially have I looked for this information in the evidence of plaintiff's expert, the learned Dr. Sohon, whose interesting discussion of the matter in hand, wherein is pointed out the weakening tendencies of the construction and form of the bottle in question, is followed by his frank negative to this inquiry:

"In your experience and study, supposing that Exhibit 3 bottle was handed to you, could you, by using your natural senses—that is, by looking at the bottle, seeing the glass, looking at the cover, seeing what the material was, by hefting the bottle, seeing how much metal there was in it, sizing up about its cubic contents—could you, using simply the natural senses, and, combined with that, the training and experience such as a man would have in handling those bottles, judge the fitness or unfitness of that bottle in that way, with reasonable approximation?"

Dr. Sohon had been for some considerable period a student of this particular bottle, and had brought to his experiment respecting it a mind trained to skillful examination. And yet, what he was unable to do, as his answer to the question indicates, the plaintiff asserts that the defendant should have been able to do and should have done. Judging the defendant by this and other pertinent evidence in the record, and considering its relation to the enterprise, which was only that of a person, presumably for profit, allowing another to use its store to exhibit and sell its goods, I do not find such evidence as would justify a finding of negligence.

The judgment should be affirmed, with costs. All concur.